## THE KING *vs.* ABIGAIL MAIKAI.

### BEFORE HARRIS, J.

### JANUARY TERM, 1875.

Defendant pleaded guilty before a Police Justice, and appealed to the Supreme Court for mitigation of sentence. In the Supreme Court, a jury trial was held, without objection.

Held, the verdict must be set aside by the Court, on its own motion, upon the matter being brought to its attention, and the judgment of the Police Justice stands.

### DECISION OF HARRIS, J.

In reflecting on this matter, I am convinced that the proceedings before the jury should be declared a nullity. It is a case which does not need a motion on the part of counsel, but the Court itself is obliged to take notice of it for the purpose of keeping its own record straight.

The defendant pleaded guilty in the Police Court of Honolulu, to the charge of giving, selling or furnishing intoxicating drinks to natives of this Kingdom, and upon that plea a judgment was rendered the next day by imposing a fine of $100, from which judgment she appealed, as she had a right to do, for the Court above might impose a less penalty. This plea of guilty was never altered or withdrawn, nor was it sought to be altered or withdraw, and if a request of this kind had been made here, it would have been refused, the plea having been made before a Court having full jurisdiction in the case, and which had authority to permit an alteration in the plea, and undoubtedly would have done so at any time before final judgment. When the case was called, a motion to empanel a jury was made and no one objected. The only paper which was brought to the notice of the Court was a certificate that such a judgment had been rendered and defendant had appealed from it. Thus the Court was not apprised that a plea of guilty had been entered, until in the progress of the case it transpired in

10

evidence. It would have been better undoubtedly that I had immediately withdrawn the case from the jury; but I suppose that it will be conceded that when a case is going on before a jury, it is usual for the judge to trust a good deal to experienced counsel.

But admitting that it would have been better to have withdrawn the case immediately from the jury, it is certain that every lawyer must see and concede that there was never any issue before the jury on which they could pass; and if there was never any issue for them to pass upon, the whole proceedings were a nullity, and it is ordered that the verdict rendered in this case be considered as a nullity, and the judgment of the Police Court will, of course, stand.

*The Attorney-General,* for the Crown.

*A. S. Hartwell,* for the defendant.

January, 1875.

