## THE KING *vs.* TAI WA.

### APPEAL FROM POLICE JUSTICE OF HONOLULU.

### APRIL TERM, 1886.

### JUDD, C. J.; McCULLY AND PRESTON, JJ.

Sec. 12, Chap. 51, Laws of 1884, provides "that any person convicted under the provisions of this Act shall forfeit and pay any sum not exceeding twenty dollars, with or without hard labor not exceeding one month:" Held that the statute does not authorize imprisonment, and a sentence of imprisonment under it is illegal.

There being no error, except in the judgment of the lower Court, and the appeal being on points of law, the case cannot be remitted to the Police Court for a legal sentence: but the defendant must be discharged.

### OPINION OF THE COURT, BY JUDD, C. J.

ON appeal from the Police Court on point of law.

The defendant plead guilty to cruelty to animals, to wit, ten mules, and was fined $20 and sentenced to imprisonment at hard labor for ten days.

The defendant appeals on the ground that the sentence was erroneous, it being a fine and imprisonment, whereas the law does not authorize a sentence of imprisonment.

The statute, Sec. 12 of Chap. 51 of Laws of 1884, reads: "Any person convicted under the provisions of this Act shall forfeit and pay any sum not exceeding twenty dollars, with or without hard labor not exceeding one month, in the discretion of the Court."

We notice that the statute does not authorize imprisonment, there being an evident omission of necessary words. The sentence, therefore, imposed by the Police Justice is illegal.

The counsel for defendant contends that he is now entitled to be discharged.

The Attorney-General contends that the case should be remitted to the Police Court for legal sentence.

On *habeas corpus,* the illegal sentence being shown to the Court by the mittimus, the defendant would undoubtedly be en-

titled to a discharge. The statutory proceedings by writ of error authorize the Court to modify the judgment, or remand the case for a new trial; but error does not lie in a criminal case. It is urged with some force that an appeal brings the case before the Court *de novo*. But while a general appeal may have that effect, an appeal on points of law is substantially an exception to the ruling of the Court below, and raises an issue of law. The only error here is in the sentence.

In *Elliott vs. The People*, 13 Mich., 365, the Court held when the sentence imposed by the Court upon the prisoner is in excess of authority, and therefore unlawful, the Court cannot substitute for such sentence a lawful one ; and, if there is no error except in the judgment, there can be no new trial, nor can the Court below give a second judgment, hence the prisoner must be discharged.

In the *King vs. Bourne et al.*, 7 Adolphus and Ellis, 58, it was held that "where an erroneous judgment is given by an inferior Court on a valid indictment (as by passing a sentence of transportation in a case punishable only with death), and the defendants bring error, this Court can neither pass the proper sentence, nor send the record back to the Court below in order that they may do so, but the judgment must be reversed, and the defendants discharged."

We think the defendant is entitled to his discharge, and so order.

*Attorney-General*, for the Crown.

*Ashford & Ashford*, for defendant.

Honolulu, May 31, 1886.