## PROVISIONAL GOVERNMENT OF THE HAWAIIAN ISLANDS *vs.* ALOIAU (Ch).

APPEAL FROM DISTRICT COURT OF LIHUE.

HEARING, MARCH 19, 1894.                     DECISION, APRIL 5, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The defendant was found guilty of an offense by a district magistrate, and received a sentence authorized by law. During the progress of the trial the magistrate erroneously refused certain questions to be asked by defendant's counsel of a witness in order to affect his credibility. After sentence the defendant appealed to the Supreme Court on the point of law—i. e. the refusal of the magistrate to admit the evidence, and asked for his discharge.

Held : The law point sought to be raised is not appealable from the district court being an interlocutory ruling.

A ruling of law to be thus appealable must be one that is vital to the case and involved in arriving at the final decision.

OPINION OF THE COURT, BY JUDD, C.J.

The defendant was tried and convicted in the District Court of Lihue, Kauai, on the 11th of last January, of the offense of gaming.

During the trial the attorney for the defendant proposed to ask the prosecuting witness on cross-examination, whether he had been convicted of any offense. On objection, the district judge refused to allow the question to be asked. After conviction and sentence the defendant appealed to this Court on the point of law, " that the defendant's attorney

was not allowed to discredit the evidence of the first witness for the prosecution by asking him whether he had been convicted of any offense."

It was clearly erroneous for the district magistrate to refuse to allow this question to be asked, for the law, (Sec. 57 of the law of evidence, p. 377, Comp. Laws) prescribes that "a witness may be questioned as to whether he has been convicted of any indictable or any offense."

The latter part of Sec. 68, Judiciary Act of 1893, provides that an appeal solely upon points of law from a decision of a district magistrate may be had to the Supreme Court—to be so stated in the notice of appeal.

Counsel for defendant claims that his appeal is in order, being on a point of law, the decision being in violation of a statutory right, and that it entitles the defendant to be discharged.    Counsel for the prosecution claims that to order a new trial is the most that can be done for the defendant.

The judgment was that the defendant was found guilty and sentenced to pay a fine of ten dollars and three dollars costs. The sentence was legal and far within the maximum fine authorized by statute.    (Act 21 of the Provisional Government, Sec. 10.)

It is contended by defendant's counsel that the sentence was illegal because certain evidence which ought to have been admitted was not admitted, and the excluded evidence might, if admitted, have changed the conclusions of the magistrate.    We are unable to agree with the contention of either the counsel for prosecution or for the defendant.

The defendant is not entitled to a discharge on account of this error, since the sentence imposed was legal, the judgment which found the defendant guilty being the only one which the magistrate could have made upon the evidence adduced, and the sentence being one authorized by the statute.    If the sentence was illegal, following *Rex vs. Tai Wa*, 5 Haw.; 598, we would only have the authority to discharge the defendant because we would not have the power to substitute a legal

sentence for one that was illegal, nor send the case back to the district court in order that it might do so.

The appeal on the point of law in this case is not, in fact, from the decision of the district court (which, as we have found, is a legal one,) but from a ruling made in the progress of the trial, refusing to admit certain evidence.

This is not an appeal such as is contemplated or allowed by our statutes, and is quite novel to us. The defendant's remedy would be by a general appeal to the Circuit Court where the excluded evidence would presumably be admitted, and if not admitted, then exceptions therefor would lie to this Court. If a new trial should be ordered, defendant would go back to the same magistrate, who would admit the previously excluded testimony and yet be free on the whole evidence to come to the same conclusion. It would be different if a new trial was ordered on this ground in a Circuit Court, for then the jury, who are judges of the facts and the credibility of the witnesses, would be a new and different one.

Counsel for defendant argues that inasmuch as Sec. 70 of the Judiciary Act gives express authority to the Supreme Court in case of an appeal from a decision, judgment, order or decree of a Circuit Judge at Chambers, to review, reverse, affirm, amend, modify or remand for new hearing, &c., and as such power is not expressly given by any section of this Act in cases of appeals on points of law from district courts, therefore, such power does not exist, and on account of this error of the district court the defendant should be discharged as no other course can be followed.

The conclusion we have come to makes it unnecessary to discuss the question whether we have the power to order a new trial in the district court.

Our view is that as no "exceptions" as such are allowable from a district court, the "points of law" to be appealable must be such rulings of law as are vital to the case and involved in arriving at the final judgment, and not errors in admitting or refusing to admit evidence during the progress of a trial.

The question sought to be presented to us being on the correctness of an interlocutory ruling, it cannot be heard upon an appeal from the final decision, since the error alleged was not the basis of or necessarily involved in, nor did it necessarily affect the final decision.

The appeal is dismissed.

*Deputy Attorney-General Wilder*, for prosecution.

*A. S. Hartwell*, for defendant.