## W. KING *v.* A. HUTCHINSON.

### APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED MARCH 23, 1896.            DECIDED APRIL 8, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

H., a sculptor, agreed to pay K. if K. obtained a commission from an association for a "statue." No commission for a "statue" was obtained, but after three years a commission for a "bust" was obtained from the association. Held, that H. is not liable to K. on the agreement to obtain a commission for a "statue." "Statue" construed not to mean or include a "bust."

OPINION OF THE COURT BY WHITING, J.

This is an action of assumpsit for $200 upon the following contract, viz.:

"Studio, Nuuanu Ave., Honolulu, March 21, 1891.

"I agree to pay Mr. William King (two hundred dollars) on receiving the commission to execute a statue for the Kalakaua Monument Committee, or as soon as moneys for said statue are paid into my hands.            ALLEN HUTCHINSON.

Judgment was rendered in favor of the plaintiff by the District Magistrate of Honolulu, and defendant appealed on the following points of law:

"1.    The agreement is illegal, being made by one whose duty it was to obtain the best contract without favoring any person, the appellee, W. King, being a member of the Kalakaua Monument Association.

"2.    The agreement has not been performed (a) by obtaining (if that had been done) a contract for a statue, and (b) because such contract for a statue was not obtained."

On the second point the evidence showed that on March 21, 1891, the defendant approached plaintiff with an agreement to assist him in getting a contract from the Kalakaua Monument Association for a commission for a statue. Hutchinson claimed that King's services would.be of value to him, and insisted upon giving King the agreement in question, which defendant wrote out himself. Plaintiff testified that he rendered the services, and defendant got the "commission to execute the *bust* or *statue*, and had been paid $1,800 or $2,000." The defendant testified that at the time of the agreement with King there was a distinct understanding that it was for a statue, and for a sum of $10,000 at least. "I never procured the statue; I did not get the statue because the whole thing lapsed. Three years or more before it was revived, and then it was brought to a head immediately, in June, 1894. I got the commission for bust by inducing the members to attend the meeting to consider a propostion I had put in to make a bust of Kalakaua; a bust was made."

M. P. Robinson testified that he was a member of the original committee in 1891, when the association was first organized; the object of the association was to erect a full-sized bronze monument of Kalakaua.

On the second point raised, the question is whether the contract for a "bust" comes within the agreement to pay for a commission for a "statue."

"Statue" is defined: "A lifelike representation of a human

figure or animal in some solid substance, as marble, bronze, iron, wood." Oglive's Imperial Dict.

"A solid substance formed by carving into the likeness of a whole living being; an image as a statue of Hercules or of a lion." Webster's Dict.

"A plastic work representing a human or animal figure, generally in marble or bronze, especially such a work nearly life-size or large as distinguished from a statuette and preserving the proportions in all directions as distinguished from relief." Standard Dict.

"A figure of a person or an animal, made of some solid substance, as marble, bronze, iron or wood. * * * * A sculptured, cast, or molded, figure properly of some size (as distinguished from a statuette or figurine) and in the round (as distinguished from a relief or an intaglio)." Century Dict.

"Bust" is defined:

"In sculpture. The figure of a person in relief showing only the head, shoulders and breast. The term may be applied to the head or neck only, or to the head and neck with the shoulders and breast, or to the head with the whole chest, or to the head, neck, breast and shoulders with the arms truncated above the elbow." Century Dict.

(1) "A piece of statuary representing the upper part of the human figure, including the head, shoulders and breast."

(2) "The portion of the human body included between the head and waist, whether in statuary or in the person." Webster's Dict.

"The human head, shoulders and breast, generally without arms, as represented in sculpture." Standard Dict.

Thus there appears to be a clear and well defined distinction between a "statue" and a "bust," and the contract being "to pay on receiving a commission to execute a statue," the plaintiff cannot recover on this contract, he failing to prove that the original contract of March, 1891, was carried out. The fact that three years passed before any commission whatever was given by the Kalakaua Monument Association tends to confirm

the view that the idea of erecting a statue of Kalakaua was abandoned, and naturally the contract to pay King fell with it.

We hold that the commission to execute a "bust" was not in fulfillment of the King-Hutchinson agreement on which action was brought.

The plaintiff, however, claims that the defendant ratified the change from a "statue" to a "bust," so that he was liable as if the original agreement had been for a "bust or statue," and relies on evidence of Hutchinson, viz.: "I received first installment 3 or 4 months after I got commission. Had conversation with King day before. He said bill he had for me was good. I said I did not consider it good, as original purpose had failed. I did offer to compromise his claim by payment of $100, but I said this because he gave me to understand he would put great difficulties in my way. I said to him: 'As $200 stands to $10,000, so does $40 to $2,000.' He agreed to accept the $100, nothing to be done; he did agree to accept the $100 if I paid it out of the first money received. I agreed to pay King $100 on the following day on the first payment being handed over to me by the treasurer; this I would have performed had it been in my power. I told King that owing to my finances being in the possession of somebody else, I had undertaken a contract I could not perform, but that I was willing to give a bill payable on the next installment; this he declined and said he would go back on the original note; I then accepted the issue."

This is not sufficient to ratify the original agreement, nor can it have the effect of inserting the word "bust" in the original contract, or to cause the word "statue" to be construed to mean or include the word "bust." At most it was a new contract or an offer of compromise of a disputed claim, and in the present action the plaintiff cannot rely upon it to recover.

It is unnecessary to consider the first point raised.

The appeal is sustained, judgment reversed and the case remanded to the District Magistrate to enter judgment for defendant.

*P. Neumann*, for plaintiff.

*J. M. Monsarrat*, for defendant.