J. R. WILSON *v.* L. A. ANDREWS, Sheriff of Hawaii.

APPEAL FROM DISTRICT COURT, SOUTH HILO, HAWAII.

SUBMITTED MARCH 25, 1897.        DECIDED MARCH 29, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

An appeal having come to this court by plaintiff on a point of law, from the District Court of South Hilo, Hawaii, in which it appears that a "motion" to dismiss was made and sustained, on the ground that a former judgment of that court had decided the ownership of the money sued for, this court reversed the decision of the district magistrate on the ground that the former judgment was not sufficiently pleaded in form or substance, and remitted the case to the District Court for further proceedings.

OPINION OF THE COURT BY JUDD, C.J.

This case is assumpsit for money had and received, and the complaint alleges that of the sum of $124.38 sued for, twenty-five dollars was the lawful property of the plaintiff Wilson, the same having been unlawfully seized and taken by the sheriff (defendant) from an employee of plaintiff under a writ of attachment issued out of the District Court of South Hilo, Hawaii, directing the sheriff to attach and carefully keep the property of one Bevan Montague until further order of the court; and that eleven 63-100 dollars of the sum sued for was the property of one Wilfred Burns assigned to the plaintiff and seized by defendant in the same manner and under the same authority; and that thirty-three 75-100 dollars of the sum sued for was also the property of one Wilfred Burns assigned to the plaintiff and seized by defendant under the same authority;

and that fifty-four dollars of the sum sued for was the property of Wilfred Burns assigned to plaintiff and seized by the defendant under the same authority.

Counsel for defendant made a motion to dismiss the action on the grounds: (1) that it appeared of record in that court that the question of ownership of this money had been directly decided by the court, and that the time of appeal had elapsed and that the plaintiff should be deemed *res adjudicata;* (2) that the plea of property in a third person is not good, after a final judgment not appealed from; (3) that a judgment of the court, in an action wherein A. Rosehill was plaintiff and Bevan Montague defendant, involving the same subject matter in which the plaintiff (J. R. Wilson) gave testimony and sought to recover certain sums therein contended for, awarded all the money therein involved to A. Rosehill, and the action is barred by the judgment in the former case involving the same question and the same subject matter, and is *res adjudicata* against defendant, &c.; (4) states a ground similar to the preceding. The court sustained the motion and dismissed the action. Whereupon the plaintiff appealed on the point of law to this court.

The former judgment relied on by the defendant is not properly pleaded in form and is not set forth with sufficient fulness to show that it is a bar to the present suit. The motion to dismiss the action should therefore have been overruled. The judgment of the district magistrate is reversed and the case is remitted to the District Court of South Hilo, Hawaii, for such further proceedings as may be proper.

*W. S. Wise*, for plaintiff.

*G. F. Little*, for defendant.