A. MOURITZ *v.* MARY LEWIS (KUMUKAHI, her husband) and ISAAC COCKETT.

ACTION TO QUIET TITLE.    SUBMISSION OF CASE WITHOUT ACTION.

SUBMITTED JANUARY 23, 1899.    DECIDED MAY 22, 1899.

JUDD, C.J., WHITING, J., AND CIRCUIT JUDGE STANLEY, IN PLACE OF FREAR, J., ABSENT.

A devise to John, and if he dies and leaves no living son, then to his sister Elizabeth, first, and if she has died, to her sisters then living with their daughters and granddaughters share and share alike. Elizabeth survived John. Held, on the death of John without a son living an estate in fee passed to Elizabeth.

OPINION OF THE COURT BY JUDD, C.J.

This is a submission of a case without action and the facts are succinctly as follows: On August 18, 1879, there was granted to one Isaac Lewis (Aikake Lui) by Royal Patent No. 7232, the Ahupuaa of "Mapulehu," Kona, Island of Molokai. The land had been awarded to Isaac Lewis by Kuleana Helu 3218, Apana 1, of a previous date, and the patent was taken out and the government commutation paid by Elizabeth Cockett nee Lewis. Afterwards the said Elizabeth Cockett and her husband Charles Cockett conveyed the land to one James D. Cockett who with his wife conveyed the same to J. A. Magoon, who conveyed the same to Arthur Mouritz the plaintiff in this case. Elizabeth and Charles Cockett also conveyed the said land to the said A. Mouritz by conveyance of the same date as the deed of Magoon. The above named Isaac Lewis deceased some time previous to

the first day of February, 1861, leaving a will in the Hawaiian language which was duly admitted to probate on the island of Maui. A copy of the will is attached to the submission. The devisee in said will named as John Isaac Lewis or John I. Lewis, the son of the said patentee, deceased after the death of the testator, leaving no children whatsoever surviving him, male or female, never having had issue. No father or mother survived him. The defendants are Mary Lewis, sister of the said Elizabeth Lewis Cockett and Isaac Cockett, son of said Elizabeth Cockett, Elizabeth being still alive.

The question submitted to this court is: What title, if any, did Dr. Mouritz acquire and have in and to the Ahupuaa of "Mapulehu" by virtue of the said conveyances to him?

The first six articles of the will of Isaac Lewis dispose of certain real and personal estate, and are not necessary to be considered here. The seventh article is translated as follows: "All other property, real and personal, of whatever nature and not included in any of the above articles (mahele) and not disposed of previous to the making of this will, and also the piece of breadfruit land in the ili of Punaula given to my wife, all this remaining property is for my son John Isaac Lewis." (Then follows a caution to the heirs or devisees to perfect their titles less than allodial under the awards). "I further direct that the Ahupuaa of Mapulehu devised to my son is not to be sold by him, but it is to be kept for the comfort (or sustenance) of my family, but if my son dies and if he leaves no son living, then this land shall descend to his sister Elizabeth Lewis, first, and if she has died then it goes to her sisters then living, and her daughter and daughters (granddaughters) they to share equally."

The land or Ahupuaa of "Mapulehu" not being specially devised by the first six articles of the will is included in Article Seven and goes to the residuary devisee John Isaac Lewis. The will at first devises the land to John without words of limitation; but the devise is limited by the further words "but if my son dies without leaving a son living, then the land is to descend to

his sister Elizabeth," &c.   The law of nature makes it certain that John would at some time or other die and whenever he died, be it during the lifetime of the testator or after his death, and he leaves no son living, then the land goes to Elizabeth, &c. John died after the testator, leaving no son.   Elizabeth is still alive.   The life estate ending, the land then went to Elizabeth, her remainder became vested.

What is the estate of Elizabeth in the land?   The will says further, "But if Elizabeth has died (ina ua make ia) then the land goes to her sister," &c.   The time of Elizabeth's death referred to must be the time when John died.   It could not mean the death of the testator, for John was to have the land from and after that event, and Elizabeth would have to wait John's death in order to make it certain that he left no son.   It is not necessary to decide how the estate would have gone if Elizabeth had died before John.   She was alive at John's death without a son and took the estate absolutely, the contingency being exhausted and without further limitation or devise over.   Hawkins on Wills, p. 254, states the law thus: "A bequest to C for life and then to A and in case of his death to B, is a gift absolute to A unless he dies during C's life."   A devise of real estate would be governed by the same rule.   *Edwards v. Edwards*, 9 Eng. L. & E., 232, Rule 3.   2 Jarman on Wills, 757, Fifth Ed.   "Ina ua make ia," translated "But if she has died" is in the past tense and refers to John's death and not to the death of the testator. The context makes it clear that the death referred to was John's death without a son living, when the land should go to Elizabeth, and that the testator intended that the devise of Elizabeth's sisters should take effect in case she was not alive at John's death, and in such case by way of substitution for Elizabeth.   But Elizabeth was alive and so took the estate.

We therefore hold that John Isaac Lewis having died after the testator, without a son living, his sister Elizabeth surviving him and took an absolute estate in fee simple of the land in question and conveyed that estate to the plaintiff, Arthur Mouritz.

This is in conformity with the rulings in *Hemen v. Kamakaia*, 10 Haw. 551, and *Brown v. Brown*, 11 Haw. 47.

*Kinney, Ballou & McClanahan* for plaintiff.
*C. F. Peterson* for defendant.