# UNION FEED COMPANY, Limited *v.* E. B. THOMAS.

### APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED MARCH 27, 1900.          DECIDED MAY 2, 1900.

FREAR AND WHITING, JJ., AND ACTING CIRCUIT JUDGE SIL-
LIMAN, IN PLACE OF JUDD, C.J., ABSENT.

Nonsuit.  On motion of defendant after plaintiff rested, an order of
dismissal was made by the district magistrate on the ground that
the plaintiff in an assumpsit action had failed to prove that it was
"a corporation duly organized and existing under the laws of Ha-
waii," it having so alleged in its complaint.  Before a decision was
made, the plaintiff asked leave to reopen the case and introduce
testimony of its corporate character.  Held, under the circumstances
of the case and the evidence already produced, that at the most only
slight further formal proof was necessary, and the case ought to
have been reopened; that the granting of the nonsuit cannot be sus-
tained, and it is reversed and the case remanded.

### OPINION OF THE COURT BY WHITING, J.

Action of assumpsit.  The plaintiff produced evidence of the
indebtedness of defendant to it during a period of several years
for goods, wares and merchandise sold and delivered; that de-
fendant dealt with it as the Union Feed Company and ack-
nowledged and admitted the debt at various times and made
payments on account.  The itemized bill produced is in the
name of the Union Feed Company, Limited.  The plaintiff
alleged in its complaint that it was a corporation organized and
existing under the laws of Hawaii, but produced no formal
proof of its incorporation, such as, production of its charter
or articles of incorporation.

Points of law.  First.  At the close of plaintiff's evidence, it
rested.  Defendant moved to dismiss on the ground that plain-

tiff had failed to prove the allegation that "plaintiff is a corporation duly organized and existing under the laws of Hawaii." Plaintiff asked leave before decision to produce further evidence (if necessary) of said allegation, which the court refused to permit and thereupon the magistrate rendered judgment of dismissal against the plaintiff. To which decision plaintiff at the time excepted and gave notice of appeal.

Second. Plaintiff objected and excepted to the decision of the magistrate that in view of the evidence offered on the whole case, testimony was necessary to prove the existence of plaintiff as a corporation, and its right to sue in the character which it had assumed.

Without passing upon the question of whether the evidence proved that plaintiff was a corporation or whether it was at all necessary for plaintiff to make formal proof of its corporate character, yet it does appear that the defendant dealt with it as such and at the time plaintiff rested its case there was needed at the most, if at all, but slight formal proof of its corporation, and we are of opinion that the district magistrate should have permitted the plaintiff to produce such testimony in accordance with its request. We would not usually interfere with the exercise of discretion in cases of this nature, but there appears so far as the record shows no ground for the action of the district magistrate in his refusal to permit the case to be reopened for the introduction of formal proof. The dismissal was based on a technical ground. It is not so much an abuse of legal discretion, but rather the nonexercise of any discretion.

The appeal is allowed. The judgment of the district magistrate dismissing the case is reversed and the case remanded to the District Magistrate of Honolulu to reopen the case for the introduction of further evidence of incorporation of plaintiff, and to proceed to final determination.

*T. McCants Stewart* for defendant.

*C. C. Bitting* for plaintiff.