TERRITORY OF HAWAII *v.* POLOAIEA.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED MARCH 30, 1901.          DECIDED APRIL 23, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Where a District Magistrate has imposed a sentence of both fine and imprisonment at hard labor for an offense for which the statute prescribes a fine only, and defendant appeals to the Supreme Court solely on the point of law that the sentence is excessive and illegal, the Supre᠎ e Court may, as the circumstances of the case and justice may require, either correct the sentence by striking out the reference to imprisonment or remand the case to the District Magistrate with directions to make such correction or to impose a sentence within the limits allowed by law. *The King v. Tai Wa*, 5 Haw. 598, overruled.

OPINION OF THE COURT BY PERRY, J.

The defendant was, on December 5, 1900, convicted in the District Court of Honolulu of the offense of "violating section 444 of the Penal Laws of 1897, in Honolulu, Oahu, November 24, 1900, by selling spirituous liquor without first having obtained a license so to do as required by law," and was sentenced therefor "to be imprisoned at hard labor for the term of three months and to pay a fine of five hundred dollars and costs, three and 30-100 dollars,—this sentence to take effect at the expiration of his former sentence." An appeal was thereupon taken to this court on the point of law that the sentence was contrary to law as no evidence was adduced tending to show that this was a second offense.

Section 444 of the Penal Laws of 1897 reads as follows: "Any person, other than the agent or servant of a person thereto

licensed who shall sell or dispose of any spirituous liquors within this Republic, or shall cause or authorize therein any spirituous liquors to be sold or disposed by any person employed, hired or engaged for such purpose, without being thereto authorized by license as in this Act provided, shall, for the first offense, be fined not less than one hundred dollars nor more than five hundred dollars, and for every subsequent offense shall be imprisoned for not less than three months nor more than six months at hard labor and shall also be fined not less than five hundred dollars nor more than one thousand dollars."

It is not set forth in the charge, nor was any evidence adduced tending to show, that this was a second or "subsequent" offense of the unlawful sale of spirituous liquor on the part of the defendant. It was not, therefore, within the power of the District Magistrate to impose a sentence of imprisonment. That the sentence was in this respect erroneous, is now confessed by the prosecution, and the only question before us is as to the disposition to be made of the case under the circumstances. The defendant contends that, this being an appeal on a point of law from a District Court, the only possible and correct course is to discharge the defendant, while for the prosecution it is urged that this Court should modify the sentence by striking out all reference to imprisonment.

If the matter were before us on a writ of error to a District Magistrate, it seems clear that it would be within the power of this Court, where error was found in the sentence, either to remand the cause for correction in the sentence, or to make the modification itself. See *Jackson v. United States,* 102 Fed. 473, 490; *Haynes v. United States,* 101 U. S. 817, 820; *S. & T. P. Road Co. v. The People,* 66 Barb. 25, 34; *Civil Laws 1897,* Section 1456. See also *State v. Crowell,* 116 N. C. 1052, 1059, and *United States v. Pridgeon,* 153 U. S. 48, 61. If the case had come here on exceptions from a Circuit Court it would be equally clear that this Court could remand the cause to such Circuit Court for correction of the error. Is this Court devoid of such powers simply because this is an appeal on a point of law from a District Court? In civil cases it seems to have been here-

tofore taken for granted that such powers did exist. See *King v. Hutchinson*, 10 Haw. 245, 248; *Wilson v. Andrews*, 11 Haw. 16, 17; *Yee Yop v. Lee Tai Young*, Ib. 198, 201; *Yong Den v. Hitchcock*, Ib. 270; *Vivas v. Aswan*, Ib. 282; *Lazarus v. Carter*, Ib. 541, 543; *Kalua v. Camarinos*, Ib. 557, 559; *Lea Bow v. Young Yung*, Ib. 772, 774; and *Union Feed Co. v. Thomas*, 12 Haw. 350, 351. We think that they exist, likewise, in criminal cases. The statute under which this appeal was taken, provides "that any appeal solely upon points of law from a decision of a District Magistrate shall be so stated in the notice of appeal, and such appeals upon points of law may be made either to the Circuit Court of the same Circuit, or to the Supreme Court, at the option of the party appealing, and such appeal shall be heard and determined without the intervention of a jury."—Section 1430, Civil Laws of 1897. No specific provision is to be found in our statutes as to what remedy the Supreme Court may grant in a case where, on such an appeal, it is found that the District Magistrate committed error; but section 1163 of said Civil Laws says, "The Supreme Court shall have the general superintendence of all Courts of inferior jurisdiction, to prevent and correct errors and abuses therein where no other remedy is expressly provided by law," and section 1165, Ib., "The Supreme Court shall have the power * * * to make and award all such judgments, decrees, orders and mandates; to issue all such executions and other processes, and to do all such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to it by the Constitution and laws, or for the promotion of justice in matters pending before it." These sections, in our opinion, confer upon this Court ample authority, according as the facts of the case and justice may require, either to correct the error in the sentence before us by striking out the illegal portion, or to remand the cause to the District Magistrate with directions to make such correction or to impose a new and legal sentence.

In the *King v. Tai Wa*, 5 Haw. 598, on an appeal on points of law from the Police Justice of Honolulu, it was held that, the only error being in the sentence, the case could not be remitted to

the Police Court for a legal sentence and, inferentially, that the appellate court could not correct the error, and the defendant was discharged. In *Provisional Government v. Aloiau,* 9 Haw. 399, 400, the Court said, "If the sentence was illegal, following *Rex v. Tai Wa,* 5 Haw. 598, we would only have the authority to discharge the defendant because we would not have the power to substitute a legal sentence for one that was illegal, nor send a case back to the district court in order that it might do so." This statement in the latter case was clearly *obiter dictum.* The decision in *The King v. Tai Wa,* supra, is overruled. Although it may have been in conformity with the rule at common law, we think that sufficient weight was not given to the provisions of our statutes on the subject, which were at that time the same in substance as those now in force and above quoted.  ·

In the case at bar, although the record does not definitely show that the magistrate in imposing sentence proceeded on the theory that he was punishing the defendant as for a second or "subsequent" offense, yet the indications are that he did proceed on such theory, and if we should modify the sentence by striking out the reference to imprisonment, leaving the fine of five hundred dollars in force, we might be thereby enforcing a sentence not required by the facts of the case and not in conformity with justice.

The case is remanded to the District Magistrate of Honolulu with directions to impose a sentence within the limit provided by law for a first offense of the nature stated.

*John W. Cathcart, Deputy Attorney-General,* for the prosecution.

*Enoch Johnson* for defendant.