## THE TERRITORY OF HAWAII *v.* WILLIAM SAVIDGE, HARRY JUEN and J. H. SCHNACK.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 25, 1902.          DECIDED JUNE 10, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

One who is out of possession of real property, though entitled thereto, may not, taking the law into his own hands, recover such possession by force.

One who is in the actual peaceable possession of real property, may defend that possession by the use of such force as may be reasonably necessary for that purpose.

What is actual peaceable possession within the meaning of this rule, is to be determined in view of the circumstances of each particular case.

Where an illegal sentence has been imposed, the case may be remanded to the trial court for the imposition of a legal sentence.

OPINION OF THE COURT BY PERRY, J.

The defendants were tried before a jury upon a charge of assault and battery and convicted. The bill sets forth a number of exceptions.

The case for the prosecution was, briefly, that one Kamakee (w), the complaining witness, was in possession of a certain dwelling-house and land situate in Honolulu and that the defendants entered upon and forcibly removed her from the premises and dispossessed her. The evidence adduced, while it would support a finding that the defendants used force in removing

the complaining witness, would not support a finding that they or any of them used any more force than was reasonably necessary to accomplish that purpose.

In direct examination the complainant referred to the house and land as her own and testified, among other things, that she had lived there twenty years and over. The following questions were asked her on cross-examination: "Don't you remember of giving Kahanuapo a deed of this land in 1889?" "Did you deed your property away in 1889?" "Now, madame, have you any recollection of having disposed of that land?" Objections to these questions were sustained; exceptions 1, 2 and 3 are to these rulings. Exception 7 is to the ruling sustaining the objection to the following question asked of another witness for the prosecution: "So the old lady, when she was being taken out, as you say, made the remark that the land was hers, that she had been robbed of it by Kahanuapo. Now, who is this Kahanuapo?" Exception 11: Defendant Schnack in direct examination, in answer to the question, "Who was the owner of that property?" said, "I am." This testimony was objected to and the objection sustained.

In support of these exceptions it is contended that the defendants were entitled to show that at the time of the alleged assault they, and not the complainant, were in the actual peaceable possession of the premises and were therefore justified in using all necessary force in defending that possession from interference by the complainant. Assuming this contention to be good, still the exceptions under consideration cannot be sustained on that ground. The questions asked and the testimony excluded were not directed to the issue as to the actual peaceable possession but solely to that of title. Moreover, taking the defendants' view of the facts and assuming that they had been in possession through their tenants until a few months prior to the date of the alleged assault, it appeared from Schnack's own evidence that some time prior to the date in question he had made a trip to the mainland for the benefit of his health and that shortly before leaving he learned that some natives, pre-

sumably the complainant and those under her, were living on the property but took no action at the time because his time was limited and so as not to "put himself out." On counsel's statement of the facts desired to be proved, Schnack was out of the Territory for some months and during all of that time complainant lived on the premises. Who has the actual peaceable possession of a dwelling-house, is a question to be determined in view of the circumstances of each particular case and may, under some circumstances, be a difficult one to determine. In this case, however, we think that, upon the facts desired to be proved, the complainant was in the actual peaceable possession of the premises within the meaning of the rule under discussion.

As cross-examination of the complaint as to the length of her possession, the questions asked her might, in the discretion of the trial court, have been properly allowed as leading up to questions on the subject of the actual possession; still in the absence of any such further attempted cross-examination it cannot be held that their exclusion was prejudicial error.

On the subject of the title, the more enlightened and the well recognized rule, is that, while one who is rightfully in possession may defend that possession by the use of all necessary force, one who is out of possession, though entitled thereto, may not, taking the law into his own hands, recover it by force. "The law does not justify the owner of real or personal property in taking possession of it by his own act, from another, unless he can do so without violence or a breach of the peace."—*Corcy v. The People*, 45 Barb. 262. "Such is the claim of right set up by these pleas; a claim manifestly opposed to the fundamental principles of civil government. The law does not allow any one to break the peace and forcibly redress his private wrongs. He may make use of force to defend his lawful possession, but, being dispossessed, he has no right to recover possession, by force, and by a breach of the peace. * * * This principle applies to the possession and dispossession of personal property, and ought especially to be rigidly observed in relation to a man's dwelling-house, in which he is peculiarly protected

by the law."—*Sampson v. Henry*, 11 Pick. 379, 387. "Admitting the defendant had such right" (to the possession) "it most clearly would not justify him in committing an assault and battery upon the plaintiff for the purpose of reducing his right to actual possession. If he had the possession in fact, the law would justify him in using violence, if necessary, in order to defend his possession; and so the jury were instructed. It cannot be necessary to refer to authorities for the purpose of establishing these propositions."—*Parsons v. Brown*, 15 Barb. 590, 593. See also *Railway v. Harris*, 122 U. S. 597, 606, 607; *Railroad v. Johnson*, 119 U. S. 608, 611.

Exception 10 was to the refusal of the trial court to permit a witness for the prosecution to be asked what interest he had in the property in question, the object of the cross-examination being to show bias on the part of the witness. The witness had already stated that he had an interest in the land. Under all of the circumstances of the case we think that the error, if any, was not prejudicial or reversible.

Exception 16 is to the denial of a motion for a new trial based on the ground of misconduct on the part of one of the jurors. The facts constituting the alleged misconduct were supported by the affidavit of but one person and were denied by the juror on affidavit. We cannot say that the juror was satisfactorily shown to be disqualified or that the trial court erred in denying the motion.

Defendants Schnack and Juen were each sentenced to imprisonment for twenty days, without hard labor. This was error. The statute does not permit such a sentence, but requires either a fine or imprisonment at hard labor. See Penal Laws, Section 63. That where such an error has been made we may remand the cause to the trial court with directions to impose a new and legal sentence, was decided in the case of *Territory v. Poloaiea*, 13 Haw. 335, 337.

The exceptions not herein considered have been abandoned.

The sentences of the defendants Schnack and Juen are set

aside and the case remanded to the Circuit Court of the First Circuit for the imposition of legal sentences upon the two defendants named, or for such other proceedings as may be proper.

*Deputy Attorney-General Cathcart* and *J. M. Davidson* for the prosecution.

*Kinney, Ballou & McClanahan* for the defendants.