TERRITORY *v.* MANU MAKANOA, ET AL.

No. 1248.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. C. S. FRANKLIN, JUDGE.

SUBMITTED JUNE 30, 1920.                    DECIDED JULY 7, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

COURTS—*district courts—jurisdiction in criminal cases where title to real estate may be involved.*

> Section 2297 R. L. 1915 which provides that district courts shall not have cognizance of real actions nor actions in which the title to real estate shall come in question, as amplified by Rule 15 of the supreme court, has application solely to civil cases.

OPINION OF THE COURT BY COKE, C. J.

The defendants Manu Makanoa, Pua Haaheo, Kolowena, Sam Kukapu, Miss Loika, Miss Kamaka, Amoe (w), Waiahao (w) and Lino (w) were brought to trial before the district magistrate of Koolauloa, City and

County of Honolulu, on a warrant charging them with the violation of a vested fishing right. The offense is covered by section 621 R. L. 1915 which makes it a misdemeanor for any person to appropriate to himself any fish which the owner or lessee .of a vested fishing right has set apart for himself, etc. When the case came on for trial before the district magistrate the defendants interposed a plea, which was supported by affidavit, to the jurisdiction of the court, averring that the title to real estate was involved. The plea was overruled and at the conclusion of the trial the defendants were convicted. From the judgment of conviction the defendants appealed to the circuit court where their plea to the jurisdiction of the district magistrate was again urged. The circuit judge determined the question adversely to the defendants and from his ruling the cause has come here on an interlocutory exception.

Section 2297 R. L. 1915 provides that district courts shall not have cognizance of real actions nor actions in which the title to real estate shall come in question and this section is amplified by Rule 15 of the supreme court. Both of the courts below held that the statute and the rule of court have application solely to civil causes. There can be no doubt of the correctness of this view. It would indeed be an anomaly should a defendant in a criminal case be able to oust the district court of jurisdiction by merely setting up by affidavit that the title to real estate was involved in the proceeding.

The exception is overruled.

*Thompson, Cathcart & Lewis* for the Territory.

*W. C. Achi* for defendants.