## TERRITORY *v.* ANTONE DO REGO.

### No. 1833.

ARGUED AUGUST 22, 1928.  DECIDED SEPTEMBER 10, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This is an appeal on points of law from the judgment of the district magistrate of Wailuku wherein the de-

fendant was found guilty of malicious injury in unlawfully and maliciously breaking and injuring a certain fence alleged to be the property of Mrs. Carolina Moniz. Evidence was introduced tending to show the following facts: on May 14, 1908, Christina Do Rego, wife of the defendant, conveyed by deed to Carolina Moniz a piece of land adjoining that then and now occupied by the Do Regos and since said date Carolina Moniz has maintained her home upon the land so conveyed to her. In 1908, shortly after the conveyance above referred to, the grantee's husband, now deceased, erected a division fence between the land thus purchased and the land so occupied by the Do Regos, which fence has since then been repaired and maintained by the Monizes. On March 3, 1928, the defendant wrote a letter to Mrs. Carolina Moniz, calling the latter's attention to the fact that the division fence above referred to was in a bad state of repair and dangerous to passers-by in an adjoining lane. Defendant therefore asked Mrs. Moniz to authorize one-half the expense of rebuilding the fence, Mrs. Do Rego to pay the other one-half. Mrs. Moniz did not reply to the letter, but herself employed a Japanese carpenter to repair the fence. Defendant, who had had lumber on hand for the purpose of constructing a new fence and who was not satisfied with the quality of his neighbor's repair work, ordered the Japanese to desist and then went away. Upon his returning a little later in the day and finding the Japanese still at work under the direction of Alice Moniz, daughter of Carolina Moniz, the defendant, after noisily addressing a few disparaging epithets to Alice Moniz, put his hands on the fence and pushed it over, tearing off a few pickets in the process.

The evidence offered by the Territory on the one hand and by the defendant on the other was conflicting. We are not now concerned with questions as to its weight and credibility as the transcript discloses it to us. That

offered in behalf of the Territory was sufficient, if believed, to sustain a finding that the fence was the property of Mrs. Moniz; that it was injured in at least a slight degree by the defendant and that the defendant in so injuring it acted wilfully and maliciously and not in the fair exercise, assertion or vindication in good faith of a supposed legal right.

Certain points of law, one of them containing five and two of them each containing eight separately lettered sub-paragraphs, are presented in a four-paged notice of appeal and a five-paged certificate of appeal. The presentation, like the trial procedure, is inartificial. Each may be summarized and the points grouped and dealt with briefly. Upon arraignment the defendant admitted that he broke the fence at the time and place alleged in the charge, but averred that he did so in the fair exercise of a supposed legal right, to-wit, the right of ownership in the fence in question; and thereupon defendant pleaded not guilty. The county attorney then announced that the Territory was ready to go to trial "on the proposition of whether or not this is in the fair exercise in good faith of a supposed legal right." Said he, addressing counsel for defendant, "It is up to you to put on your case now." The defendant then took the stand in his own behalf and was examined and cross-examined by counsel. Thereupon defendant rested and moved for his discharge on five grounds, which, in the view herein expressed, need not be considered at the present time. Error in denying the motion is assigned as defendant's first point of law. The irregular procedure above set forth, suggested by the county attorney and adopted by the defendant, was so adopted without objection on the part of the latter and was not in pursuance of any order on the part of the magistrate. It was ineffectual to secure the discharge of the defendant at the close of his testimony or to prevent

the introduction thereafter of testimony on behalf of the Territory. Point 1, therefore, is not well taken. The prosecution then, without objection on the part of defendant, called its first witness and the trial of the case proceeded. At the close of the case for the prosecution, defendant again testified in his own behalf and after both sides had rested defendant renewed his motion for his discharge upon the same and two other grounds, some alleging insufficiency of the prosecution's evidence and others alleging affirmative showing of innocence on the part of the defendant. The motion was denied and the defendant was found guilty as charged and sentenced to pay a fine within the maximum provided by section 4292, R. L. 1925.

Appellant's points numbered 3 and 4 are upon the ground of alleged error of the magistrate in denying said motion and in adjudging defendant guilty as above set forth. As hereinabove recited, there was evidence before the magistrate sufficient to prove all the essential ingredients of the offense charged and no error of law appears in either of the two rulings last above referred to.

After judgment and sentence, as above set forth, defendant moved that the case be reopened for the introduction of newly discovered evidence. The so-called newly discovered evidence is set forth in four affidavits and appears to be merely cumulative. The witnesses by whom it was sought to be introduced were K. Watanabe, the Japanese carpenter who repaired the fence as above set forth, and Charles P. Bento, who in behalf of Mrs. Moniz employed him to do so, whose identity and whose connection with the work the transcript shows were known to defendant at the time of the trial. No effort was shown to have been made to secure their attendance. Point 5 is upon the ground of error on the part of the

magistrate in denying said motion. The point is not well taken. See *Laing* v. *Laing,* 10 Haw. 183.

Point 6 is upon the ground that the magistrate committed error in not requiring counter-affidavits as to the matters contained in the four affidavits last above named. In the circumstances above set forth there is no legal requirement that the statements contained in said affidavits should be denied or avoided by the prosecution.

Point 2 is "that the district magistrate committed reversible error in continuing to exercise jurisdiction of and in said case after the title to real estate or an appurtenance thereof had come in question." A similar point was raised and passed upon adversely to the contention now made by the defendant in this case in *Territory* v. *Makanoa,* 25 Haw. 556. As therein held, the section of the statute (now section 2274, R. L. 1925) and the rule of this court (now No. 14), referring to the defense of title in district courts, apply solely to civil cases. The point is not well taken.

Defendant's point 7 is as follows: "that the district magistrate committed reversible error in a number of instances as shown by the court record, such errors being pointed out by exceptions taken thereto for the purpose of objection or identification." Some of the exceptions appearing in the transcript are to rulings admitting or refusing to admit evidence during the progress of the trial which, as decided in *Provisional Government* v. *Aloiau,* 9 Haw. 399, 401, and *Maciel* v. *Telles,* 30 Haw. 434, 443, are not reviewable in an appeal on points of law from a district court to the supreme court. In any event, no specific error on the part of the magistrate is pointed out in the paragraph now under consideration and, as in the case of exceptions and assignments of error, the court will not search the record to find an instance to which the point under proper statement might be applied. See

*Zen* v. *Koon Chan,* 27 Haw. 369, 373, and *Ortez* v. *Bargas,* 29 Haw. 548, 555.

The judgment appealed from is affirmed.

*H. R. Hewitt,* Attorney General (*E. R. Bevins,* County Attorney of Maui, and *Wendell F. Crockett,* Deputy County Attorney of Maui, on the brief), for the Territory.

*M. T. Furtado* (also on the briefs) for defendant.