TERRITORY OF HAWAII *v.* JOSEPH L. SOFFRA.

No. 2689.

SUBMITTED OCTOBER 27, 1948.    DECIDED OCTOBER 29, 1948.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE
RICE IN PLACE OF PETERS, J., ABSENT.

OPINION OF THE COURT BY LE BARON, J.

This is a criminal case on writ of error from the judgment of the circuit court dismissing an appeal for mitigation of a sentence entered by the district court of Honolulu wherein the defendant on his plea of *nolo contendre* had been adjudged guilty of the offense of careless or heedless operation of an automobile as defined by section 11701 of Revised Laws of Hawaii 1945.

There is but one assignment of error. It reads: "The Court and the judge thereof erred in dismissing defendant's appeal for that said dismissal was predicated upon facts not in issue * * * and upon to-wit: namely defendant's record as an operator of automobiles, and a finding unsupported by legal evidence that at the time complained of defendant was under the influence of intoxicating liquor."

The assignment, in the opinion of this court, is devoid of merit. On appeal for mitigation of the district court's sentence, the only issues before the circuit court pertained to the matter of sentence, relating as they did to the degree of culpability or guilt of the defendant and to the appropriateness and extent of the punishment to which the district court had sentenced him. A scanning of the record in this case not only demonstrates that the judgment of dismissal was predicated solely upon facts germane to the issues of sentence, but fails to disclose that there was established before the circuit court on appeal for mitigation any extenuating circumstances not considered by the district court on sentence. Most of the facts of record below were admitted openly in the circuit court by the defendant's attorney in the defendant's presence, one being the defendant's past criminal record as an operator of automobiles, which the circuit court's minutes show was made a part of the record of the case on the motion of the defendant's attorney. Another, not admitted by the defendant's attorney but not controverted by the defendant himself, is the fact of the defendant's state of intoxication shortly after his commission of the offense, established by the undisputed testimony of three witnesses. This testimony is clearly of a substantial character, legally sufficient to support the trial judge's finding that the defendant at the time of offense was under the influence of intoxicating liquor.

Judgment affirmed.

*O. P. Soares* for plaintiff in error.

*J. R. Desha,* Assistant Public Prosecutor, for the Territory.