# IN THE MATTER OF THE APPLICATION OF HELEN MARTELES FOR A WRIT OF HABEAS CORPUS.

## No. 2756.

SUBMITTED APRIL 19, 1950.     DECIDED APRIL 20, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an application for a writ of habeas corpus to the supreme court for the discharge of the petitioner from further imprisonment in the city jail by the respondent.

The ground therefor is that such imprisonment constitutes an illegal restraint resulting from an unlawful and void increase of punishment pursuant to a circuit court's sentence which aggravated a district magistrate's sentenc · on appeal for mitigation and thereby exceeded the jurisdiction of the circuit court.

The facts are not in dispute. The petitioner was charged in the district court with being a common prostitute. She pled guilty and was sentenced to serve thirty days in jail. She appealed to the circuit court for mitigation of sentence. The circuit court sentenced her to pay a fine of one hundred dollars and to serve a year in jail, but suspended execution of jail sentence and placed the petitioner as to that sentence on probation for a period of five years, one of the conditions being that she pay the fine. The petitioner paid the fine and thereby warded off immediate imprisonment for a year. More than seven months thereafter she was apprehended in acts of prostitution. Probation thereupon was revoked and the suspension of execution of jail sentence terminated. The circuit court in doing so, however, reduced the jail sentence from a year to four months. At that juncture the petitioner made an abortive attempt to have the order of revocation reviewed on writ of error. (See *Territory* v. *Marteles*, 38 Haw. 305, for additional facts.) Mittimus issued and the petitioner was committed to jail. While in jail she applied for the instant writ. After serving fifteen days, the writ was issued and the petitioner placed by this court in the special custody of her attorney pending the outcome of these proceedings, which are to test the validity of the balance of the circuit court's jail sentence remaining unexecuted.

Appeals to the circuit court for mitigation of sentence from district magistrates have long been the recognized and consistent practice in this jurisdiction. (*The King* v.

*Makai,* 6 Haw. 145; *The Queen* v. *Fernandez,* 8 Haw. 273; *Prov. Gov't.* v. *Mura,* 9 Haw. 428; *Rep. Haw.* v. *Ah Cheon,* 10 Haw. 469; *Territory* v. *Soffra,* 38 Haw. 256.) Although without statutory authority, the right of such appeal and on exercise thereof the power of the circuit court to mitigate an excessive sentence of the district magistrate have been "fixed by Hawaiian judicial precedent" within the meaning of section 1 of Revised Laws of Hawaii 1945 as demonstrated in the above cited cases, and therefore have the force of a statutory right and power under "the laws of Hawaii" within the meaning of the Hawaiian Organic Act, section 6. (See *Kahanamoku* v. *Advertiser,* 25 Haw. 701, 708, citing *The Schooner Robert Lewers* v. *Kekauoha,* 114 Fed. 849.)

Upon entertaining an appeal for mitigation, the circuit court sits as an appellate tribunal to determine the requirements of justice with respect to an appropriate punishment under the particular circumstances of the case, to review the sentence of the district magistrate and, if found excessive, to reduce it. The same considerations apply to the circuit court on appeal for mitigation of sentence as those applying to this court on writ of error to review a sentence specified to be excessive. Hence as is the case on writ of error, the exercise of the power of mitigation where deemed proper becomes an imperative award of justice and must not be denied. It differs from the exercise of the executive power of commutation which is an act of grace and may be refused. (See *Ter.* v. *Kunimoto,* 37 Haw. 591.) Nevertheless, the circuit court may deny mitigation within its judicial discretion and refuse to exercise the power where such exercise is deemed improper. It may do so by either affirmance of sentence or entry of a new one coextensive with that of the district magistrate. But when it enters a new sentence of greater punishment it exceeds its jurisdiction. Mitigation is the

very antithesis of aggravation. Authority for the former generates none for the latter. Aggravation of a sentence on appeal for mitigation, therefore, is not authorized by the power of mitigation and not compatible with the principles of fair dealing which have been the philosophy of this nation since inception. It creates an unlawful and void increase of punishment. The part of the circuit court's sentence imposing such increase is invalid and subject to being stricken on writ of error or bill of exceptions. (See *Territory* v. *Poloaiea*, 13 Haw. 335; *Ter. of Haw.* v. *Savidge*, 14 Haw. 286.) Where such increase itself is added imprisonment or causes imprisonment which otherwise would not have been suffered, such additional or resultant imprisonment constitutes an illegal restraint for which a writ of habeas corpus may issue although not demandable of right. (See R. L. H. 1945, §§ 10351, 10352 [2], 10353.)

The circuit court in this case denied mitigation. But it neither affirmed the sentence of the district magistrate, nor entered a new one coextensive with his. On the contrary, it entered a more comprehensive sentence of its own. It sentenced the petitioner to pay a fine of one hundred dollars and to serve a year in jail, which obviously aggravated the district magistrate's sentence to serve thirty days in jail. It thus exceeded its jurisdiction, entered an invalid sentence in part and created thereby an unlawful and void increase of punishment.

The petitioner took no timely and appropriate appeal from the sentence of the circuit court but immediately paid the fine in full and ultimately served fifteen days in jail as partial execution of the sentence. Long before the petitioner was committed to jail, the time for any appeal from the sentence had expired and at the time of issuance the instant writ was and now is the only effective remedy available to prevent illegal restraint. The ex-

ecution of jail sentence having been interrupted by order of this court, the question is whether or not further imprisonment thereunder would constitute an illegal restraint resulting from the circuit court's unlawful and void increase of punishment. The answer to that question is in the affirmative if the actual punishment, suffered under the circuit court's entire sentence, equals or exceeds the severity of the punishment that would have been suffered under the district magistrate's sentence had no appeal therefrom been taken. But if it does not and falls short thereof, the answer is in the negative. In such case additional time in jail must be served and the jail sentence further executed until at least a state of equality is reached between the severities of the two punishments in order for a writ of habeas corpus to be efficacious.

The actual punishment exacted a fine of one hundred dollars and imprisoned the petitioner for fifteen days. Standing alone, the imprisonment of the petitioner for fifteen days equals in severity one-half the punishment of thirty days in jail to which the district magistrate had sentenced her. But it does not stand alone and must be considered conjunctively with the prior exaction of fine. Nevertheless, the period of actual imprisonment by being the same as would be the case had one-half the district magistrate's sentence been executed, operates to narrow the field of inquiry to the severity of one hundred dollars in fine as compared to that of the remaining half of the district magistrate's sentence or to that of fifteen days in jail.

The severity of one hundred dollars in fine varies according to the circumstances of each case and may equal or be greater or lesser than that of fifteen days in jail depending primarily upon the financial ability of the individual defendant. But this ability in order to be a circumstance in measuring the severity of the fine must be

a law-abiding one which a self-respecting person would ordinarily be expected to exert. No such ability on the part of the petitioner is revealed by the record in this case nor does the record disclose any property or other legitimate source from which she could have paid or did pay the fine. On the contrary, the record establishes nothing more than that the petitioner was a convicted common prostitute who presumably paid the fine to forestall going to jail for a year and thereafter was apprehended in acts of prostitution, the reasonable inference being that she paid the fine from ill-gotten gains of her profession. Implicit in the circuit court's sentence as a whole is the contingent threat of a year in jail unless the fine was paid forthwith. Such a contingency in itself constitutes a circumstance of greater severity than a fine of one hundred dollars would ordinarily have, subjecting the petitioner to a punishment approximately twelve times greater than that of the minimum and more than seven times greater than that of the maximum penalty of statute for not paying the fine. (R. L. H. 1945, §§ 10873, 10874.) It thus not only added to the severity of the fine but may have enforced the petitioner to continue the practice of prostitution in order to avoid immediate imprisonment for a year, she presumably having no other method by which to raise the money for paying such a substantial fine. From this state of the record, it is evident that the statutory penalties of jail for not paying the fine not only amount to a more appropriate punishment in protection of society, but offer practical means to measure fairly the severity of the fine in terms of jail upon this particular petitioner. Those terms are ones either of a minimum penalty of thirty days in jail on filing a pauper's oath or of a maximum of fifty days in jail on discharging the amount of fine in the sum of one hundred dollars at the rate of two dollars a day in jail. (R. L. H. 1945, §§ 10873,

10874.) Thus the severity of the fine, so translated, is at least twice and at the most more than thrice the severity of fifteen days in jail as the other half of the district magistrate's jail sentence.

The weighing of severities having disclosed that the circuit court's immediate exaction of a hundred dollars in fine from this particular petitioner was harsher upon her than fifteen days in jail, it follows that the circuit court's ultimate imprisonment of her for fifteen days in conjunction with the penalty of fine exceeded in severity the punishment she would have suffered in serving thirty days in jail had she not appealed from the district magistrate's sentence. Consequently, the petitioner passed the point of legal restraint during her actual imprisonment. (See *Commonwealth* v. *Smith,* 154 Pa. Super. 664, 36 A. [2d] 859.) In correlation, the remaining punishment of four months in jail, less fifteen days and as reduced from a year, under the unexecuted part of the circuit court's sentence constitutes an illegal restraint well within and resulting from the unlawful and void increase of punishment created by the circuit court's aggravation of the sentence on appeal for mitigation. Such unexecuted part is, therefore, invalid and in excess of the circuit court's jurisdiction. Being so, the prior suspension of its execution has no curative effect, the lack of jurisdiction relating back to the entry of sentence and the subsequent termination of suspension giving the circuit court no rightful power to inflict a greater punishment than that imposed by the district magistrate. It is no answer to say as does the respondent that such a suspension of execution and the placing of the petitioner on probation were acts of clemency, any clemency therein presupposing a valid sentence which does not exist in this case to enforce further imprisonment so as to preclude a discharge therefrom by judicial process under writ of habeas corpus.

Petitioner discharged.

*M. L. Heen* and *B. Houston* for petitioner.

*J. R. Desha,* Assistant Public Prosecutor, for the Territory.