[ONONDAGA GENERAL TERM, April 3, 1866. *Mullin*, *Bacon* and *Foster*, Justices.]

--------◆--------

THE SYRACUSE AND TULLY PLANK ROAD COMPANY, plaintiffs in error, *vs.* THE PEOPLE, defendants in error.

A plank road company is liable to an indictment at common law, for not keeping its road in repair; notwithstanding the provisions of the plank road act (2 *R. S.*, 5*th ed.*, 486,) authorizing an indictment and conviction for a neglect to repair, upon the complaint of an inspector of plank roads, after an examination and notice to a director of the company.

The statutory proceeding has not superseded the remedy by indictment at common law, but is cumulative, merely.

The use of the words "contrary to the form of the statute" does not make an indictment, otherwise good at common law, and not containing the allega-

Syracuse and Tully Plank Road Co. *v.* The People.

tions necessary to bring it within the statute, an indictment under the statute, while the remedy by indictment at the common law remains in force.

The punishment which a court is authorized by the statute (3 *R. S.*, 5*th ed.*, 980, § 55,) to inflict upon a person convicted of a misdemeanor, when no other punishment is imposed by statute, is imprisonment in a county jail not exceeding one year, or by fine not exceeding $250, or both. In cases of *nuisance*, the court, upon conviction, is authorized to order that the nuisance be abated. This is the only addition to the fine and imprisonment that the court has power to make.

Although a highway, not in a condition to be safely traveled, by reason of non-repair, is a public nuisance, yet it is not one of the nuisances the abatement of which is contemplated, when those terms are used.

Upon a conviction on an indictment under the common law, for allowing a highway to become a nuisance, the defendant is liable only to the common law punishment; the statute not having provided any other punishment for not repairing highways.

It seems inadvisable for the courts to introduce the practice, in this state, of repairing roads, under their own supervision; even if the power exists. *Per* MULLIN, J.

In cases where the offender would prefer to repair, rather than pay a fine, the court might defer sentence in order to afford an opportunity to repair, and if the repairs shall be made, impose a mere nominal fine. *Per* MULLIN, J.

Whether or not the court, on conviction of a plank road company for neglecting to keep its road in repair, has the power to order the company to repair, as a part of the sentence, it has no power to suspend, or take away, the franchises of the corporation, by forbidding the collection of tolls until the repairs shall be made.

If, upon a writ of error in a criminal case, it appears that a portion of the judgment is valid, and other parts, separable from the legal part without danger to the rights of the accused, are illegal, the court may reverse the illegal portions, and affirm the residue. *Per* MULLIN, J.

Under the act of the legislature, of 1863, (*Laws, chap.* 226,) when the court determines that so much of a judgment as imposes a fine upon the defendant is valid, but that other portions are invalid, it may remit the proceedings to the court below with directions to impose a fine upon the defendant.

THE plaintiffs in error were indicted in the court of sessions of Onondaga county for not keeping in repair their road, extending from the south bounds of the city of Syracuse, in the town of Onondaga, to the north line of the Indian Reservation, a distance of five miles.

The indictment alleged that the company wrongfully, unlawfully, negligently and knowingly, permitted,

caused and suffered its road to be out of repair, ruinous and dangerous, and concluded; "against the form of the statute in such case made and provided," &c.

Before commencing the trial of said cause, the counsel for the plaintiff in error moved the court to quash the indictment and to discharge the said plaintiff in error, on the ground that said indictment did not recite, allege, or show that before the finding of said indictment there had been either an examination of the road described in the indictment, by an inspector of turnpike roads or plank roads, or a finding of such inspector, on due examination, that such road, or any part of it, was out of repair, or any notice by any such inspector of such defect or default or examination or finding, to any director of said company.

The court denied the motion, and the counsel for the plaintiffs in error duly excepted.

Evidence was given by both parties as to the condition of said road. The counsel for the plaintiffs in error requested the court to instruct the jury to find a verdict for the plaintiffs in error, which was refused, and the said counsel excepted.

The said counsel further requested the court to charge the jury that as there had been no examination of the said road by an inspector, before the indictment, or finding by such inspector that said road was out of repair, or notice thereof to the directors of the company, they should find the plaintiffs in error not guilty. The court refused so to charge, and the said counsel excepted.

The said counsel further requested the court to charge the jury that in determining whether the said road was a good and substantial one, they must take into consideration the nature of the natural soil on which it was built, and the kind of travel upon it. The court refused so to charge, and the counsel duly excepted.

The jury, after deliberation, rendered a verdict of guilty, against the plaintiffs in error, and the court did

thereupon pass sentence on the plaintiffs in error, that they pay a fine of $250, abate the nuisance by putting the road in the condition required by law, within three months from the time of said judgment and sentence, and that they cease the collection of tolls on said road until it should cease to be a nuisance by being so put in condition, and until the further order of the court.

The counsel for the plaintiffs in error excepted, in time, to each branch of the said judgment or sentence.

The record was brought into this court by writ of error.

*D. Coates*, for the plaintiffs in error.

*L. W. Hall*, for the defendants in error.

*By the Court*, MULLIN, J.   The motion made, to discharge the plaintiffs in error, and the request to instruct the jury to render a verdict of not guilty, were made on the ground that the indictment must be deemed to be upon the 50th section of the plank road act.   (2 *R. S.*, *5th ed.*, 486.)   By that section and two or three sections preceding, it is provided that when complaint is made to an inspector of plank roads that a plank road is out of repair, he shall inspect the same, and if it is found out of repair, give notice thereof to one of the directors, and require the defective road to be repaired, and if he deems it proper he may order the gates on such road to be thrown open.   The 50th section requires him, if the road is not repaired, to enter complaint to the attorney general, or the district attorney of the county; and it is made the duty of the one to whom complaint is made, to prosecute the delinquent company; and the corporation, if convicted, is required to pay a fine of not exceeding $200.   As the indictment did not aver any examination by an inspector, or notice to a director, it was claimed to be so defective that no conviction could be had upon it.

Syracuse and Tully Plank Road Co. *v.* The People.

If it were true that the indictment was found under the statute, the objection would be unanswerable, and the conviction and sentence imposing a fine of $250 would be illegal.

But the indictment is not upon this statute. It is an indictment at common law, for a common law offence, and its validity is to be determined by the rules of pleading applicable to such indictments.

It is not alleged by the counsel for the plaintiffs in error but that the indictment is sufficient if the company is liable to be proceeded against for the common law offence. The position of the counsel is that the statutory proceeding has superseded the indictment at common law, and hence no conviction can be had upon any indictment not founded upon the 50th section, above cited.

The very question was before the court in the case of *The President, &c., of the Susquehannah Turnpike Road Co.* v. *The People*, (15 *Wend.* 267.) In this case, the company were indicted at common law for suffering their road to be out of repair. By the 17th section of its charter provision was made for inspection, notice to the directors, and penalty for not repairing. It was insisted, in that case, as it is in this, that those provisions superseded the common law remedy by indictment; but the court held that the provision of the charter was cumulative merely, and left the proceeding by indictment in force; and the conviction of the company was affirmed.

The same principle was again applied in the case of *The Waterford and Whitehall Turnpike Co.* v. *The People*, (9 *Barb.* 161.)

In the cases cited, the new remedy was a penalty merely, and not a proceeding by indictment, and it might therefore be claimed that if the new remedy, given by the 50th section of the plank road act is by indictment, the remedy at common law must be held to

be impliedly, if not expressly, repealed. It was held in *The People* v. *The Goshen Turnpike Co.*, (11 *Wend.* 597,) that the mode of proceeding to enforce a provision substantially the same as the one prescribed by the 50th section above cited was by indictment, and not by civil action for the penalty. The same objection was made in the case cited *supra* from 15th *Wend.* 267, and it was said, in answer, by Bronson, J. "If an indictment be the proper mode of proceeding for this fine (the fine of $200 given by the 50th section, above cited) it will prove nothing in relation to the question before the court, for this was not a proceeding under that statute. It does not appear that there was any notice by an inspector requiring the corporation to repair, nor a complaint to the district attorney. * * It is enough that the indictment was neither framed nor is the offence charged to have been committed against the form of this or any other statute."

It is unnecessary to cite authorities to show that the use of the words "contrary to the form of the statute" does not make an indictment, otherwise good at common law and not containing the allegations necessary to bring it within a statute, an indictment under the statute, while the remedy by indictment at the common law remains in force.

I am not aware that it has ever been held, or even suggested, that the duty to keep a highway in repair depends in any degree upon the nature of the soil, or the kind of business passing over such road. The road must be kept in repair so that persons, and teams of all kinds, which may lawfully use it may pass along it safely and conveniently. If the soil is such that a good and substantial road cannot be laid upon it, the company should abandon it; or if it is in charge of public officers, its route should be changed. The public must be accommodated, or those whose duty it is to provide for their accommodation must see that it is done. If in

Syracuse and Tully Plank Road Co. *v.* The People.

every case of indictment for a nuisance arising from non-repair of a highway, an investigation is to be entered upon as to the nature of the evil and the extent and kind of its uses, and those considerations are to control the question of liability, it will be impossible ever to convict in cases of highways where heavy loaded teams are accustomed to pass. I think the request was properly refused.

No authority or precedent has been cited in support of the second and third branches of the sentence; nor have I been able to find any. The punishment which a court is authorized by the statute (3 *R. S. 5th ed.* 980, § 55) to inflict upon a person convicted of a misdemeanor, when no other punishment is imposed by statute, is imprisonment in a county jail not exceeding one year, or by fine not exceeding $250, or by both such fine and imprisonment. In cases of nuisance the court, upon conviction, is authorized to order that it be abated; and this is the only addition to the fine and imprisonment that I can find that the court is authorized to make.

A highway not in a condition to be safely traveled, by reason of non-repair, is a public nuisance; yet I do not think it is one of the nuisances the abatement of which is contemplated when those terms are used. When a building or other dangerous or offensive erection is to be removed, the sheriff may remove it, under the direction of the court. But to compel him to repair a highway may involve an expenditure beyond the ability of one creating or continuing a nuisance to pay. And as a corporation cannot be imprisoned, there is no way in which it can be compelled to repair a way, beyond the value of its property, which may not be sufficient to complete the work.

In England, there does not seem to have been a uniform rule for punishing for non-repair of highways. *Blackstone* (*vol.* 4, 167,) says that those bound to repair

may be indicted, and distrained to repair and mend them, and in some cases fined.

In the case of *The King* v. *The Inhabitants of Machynlleth*, (4 *B. & Ald.* 469,) a fine of £300 had been imposed for not repairing a highway, and it not proving, as the reporter expresses it, sufficient, the court was invoked to impose a further fine of £200, which they refused to do. From which it would seem that in that case the court had assumed to repair the way, through the sheriff or other person appointed for the purpose. In *The King* v. *The Inhabitants of Old Malton*, cited in a note to the last case, a similar application was made for an additional fine, as the former was not sufficient to complete the repairs. The court refused, saying if the road is not put in repair by the first fine, writs of distringas shall issue against the defendant till the road is completed. The writs, he says, are now the only remedy on the present indictment; the fine is the punishment for the neglect and offence of which the defendants are indicted, and though the court may compel an actual repair, yet the punishment has been inflicted, and they cannot inflict a further punishment or fine; but the parish might be again indicted. If this is the common law practice, then the punishment consists in the imposition of the fine, when the defendant is a corporation; and if it is intended to compel it to repair, it is to be done by writs of distringas granted on motion, as the necessities of the case may require.

It is said in *Jacob's Law Dictionary*, title Highways, that writs of distringas shall be awarded *in infinitum* till the court of King's Bench is certified that the way is repaired. (3 *Chitty's Com. Law*, 575. *The King* v. *Stead*, 8 *T. R.* 142.)

The indictment being under the common law, it would follow that the defendant was liable only to the common law punishment, our statute not having provided any other punishment for not repairing highways. The .

Syracuse and Tully Plank Road Co. *v.* The People.

punishment for this offence, at common law, seems to have been a fine when the offenders were not the inhabitants of a parish or a corporation, and fine or imprisonment or both when the offender was a private person. The court had power by distringas to compel reparation ; but that did not necessarily form a part of the judgment, but could be enforced as an incident or consequence of the conviction.

When the nuisance was an obstruction to the use of the road, or was dangerous to life or health, it was a part of the judgment that it be abated at the expense of the wrongdoer.

It does not seem to me that it would be advisable for the courts to introduce the practice in this state of repairing roads under their own supervision. If the power exists, (and I am not prepared to say it does not,) to compel the party liable to repair, by means of attachment or distringas, it may be policy to exercise it ; but I do not think that any good can come of attempting to enforce repairs under the supervision of the courts. There are cases where the offender would prefer to repair, rather than pay a fine. In such cases, the court might defer sentence in order to afford an opportunity to repair, and if the repairs shall be made, then to impose a mere nominal fine. This course seems to have been frequently adopted, in England.

But, whatever may be our views as to the power of the court to order the defendant to repair, as a part of the sentence, it cannot, it seems to me, be seriously urged that it had power to suspend or take away the franchises of the corporation. There is no authority for any such judgment ; and we must hold that part of the sentence to be illegal.

The question then is, what is the effect upon the judgment, one or both of the clauses of the sentence being illegal ? Does it render void the whole judgment, or is the illegal part only void ?

Vol. LXVI. 3

The statute (3 *R. S. 5th ed.* 1035, § 26) provided, before it was amended in 1863, that in reversing a judgment brought upon a writ of error, the court shall either grant a new trial or discharge the defendant, as the case should require. And such is the language of the books. No suggestion is made that the judgment may be reversed in part and affirmed in part, and yet it would seem to be great folly to discharge a defendant altogether when part only of his sentence was illegal, and the illegal part is severable from that which is legal. In the case before us, there is no doubt but that the court could lawfully impose the fine of $250. If the other parts of the judgment are illegal, they are separable from the legal part without danger to the rights of the accused; and I am of the opinion that we may reverse the illegal parts and affirm the residue.

In *Rex* v. *Collier et al.*, (1 *Wilson*, 332,) the defendants were indicted and convicted for insulting a justice of the peace, and the judgment was that they be imprisoned a month, ask pardon of the justice, at his house, and advertise it in a newspaper. Having suffered the imprisonment, but not asked pardon or advertised, they were brought up on *habeas corpus*, and moved to be discharged. The court decided that as so much of the judgment as was legal had been executed, they must be discharged, as the other part was void. This is a recognition of the right to sever the void from the valid parts of the judgment. But as the valid part had been executed, a discharge was the only remedy against the illegal part.

But if my brethren should differ from me as to power of the court to affirm this judgment, as to the fine, and reverse it as to the residue, the question then arises, what are we to do in the premises? As the law stood prior to 1862, if a judgment was reversed because it was illegal, the prisoner could not be again tried for the

offence, but must be discharged. (*Shepherd* v. *The People*, 25 *N. Y.* 406, *and cases cited.*)

In 1863 (*Laws of that year*, *ch.* 226,) the section of the Revised Statutes as to the power of the court on writs of error in criminal cases, above cited, was amended by adding thereto a proviso that the court might remit the record to the court below to pass such sentence as the appellate court should direct, when it should appear that the conviction was regular and legal. Under this provision it was held by the Court of Appeals that the court had power to remit the record of proceedings to the court below when the sentence was unauthorized, but the proceedings on the trial were regular. (*Ratzky* v. *The People*, 29 *N. Y.* 124.)

As it will remove all doubt as to the legality of the judgment, to reverse the judgment and remit the proceedings to the court of sessions with directions to impose a fine upon the plaintiff in error of $250, I am in favor of that disposition of the case.

Judgment accordingly.

[ONONDAGA GENERAL TERM, October 2, 1866. *Morgan, Foster* and *Mullin*, Justices.]