## 20014. OWENS v. THE STATE.

Decided November 12, 1929.

*A. J. McDonald & Son, D. E. Griffin,* for plaintiff in error.
*T. Hoyt Davis, solicitor-general,* contra.

Luke, J. Ashley Owens, Joe Owens, and Wick Graham were charged, in an indictment containing two counts, (1) with manufacturing intoxicating liquor, and (2) with possessing intoxicating liquor. Ashley and Joe Owens were tried together and were found guilty under both counts. Under the first count they were sentenced to serve a term of twelve months or pay a fine of $500 each. Under the second count each defendant was sentenced to serve one

month in jail or pay the costs of court. Ashley Owens excepts to the judgment overruling his motion for a new trial, based upon the general grounds and eight special grounds.

Before taking up special ground 6, which we think presents the controlling question in the case, we shall briefly advert to the other grounds of the motion for a new trial. Since the case will be sent back for another trial, the general grounds will not be discussed.

Special grounds 1, 3, and 5 are not approved by the trial judge and will not be considered. In the light of the judge's note to special ground 2, which complains of the rejection of evidence, that exception is not good. Special ground 4, complaining of the rejection of evidence, discloses no reversible error. Special ground 7, complaining of the judge's statement, in his charge to the jury, that he would give due consideration to any recommendation they might see fit to make as to punishment under the second count of the indictment, is not valid. , Special ground 8, complaining that the court failed to charge the law of confessions, "because said law was pertinent and applicable to the case," is not good. This exception is controlled by the well-known rule of law stated in *Patterson* v. *State,* 124 *Ga.* 408 (2) (52 S. E. 534), that "in the absence of a written request, it is not error, requiring a reversal, for the judge to fail to instruct the jury upon the law of confessions."

We come now to the 6th special ground. On April 18 the jury ·returned the following verdict: "We, the jury, find the defendants guilty on the first count and not guilty on the second count." The court declined to receive the verdict, and stated to the jury that it was repugnant, "because one could not make liquor and at the same time not have liquor where· it is one and the same transaction." The court then sent the jury back to the jury-room, and they returned a verdict finding the defendants guilty under both counts. The defendants filed separate motions for a new trial during the April term of the court. At the next July term, at a time when the defendant had not paid any of the fine imposed upon him or entered upon the service of his sentence, and his motion for a new trial was pending and undisposed of, the court passed an order "amending or modifying his sentence" by ordering and adjudging "that all of the judgment and sentence of the court in said case providing for a punishment under conviction under the second count of the indictment, as passed and entered on the 18th day of April, 1929, and

which was entered on the minutes of the court, be and the same is hereby annulled, revoked, and set aside." The gist of this exception is that the court's refusal to receive the verdict first returned by the jury was error, and that his sending the jury back to their room to further consider their verdict under the instructions above set out was likewise error. The judge admitted his error, and sought to cure it by setting aside that part of the sentence based upon the second count of the indictment. Did this cure the error? We think not. The jury had the unquestioned right to pass upon each count of the indictment, and the defendant had the right to have the verdict published and entered on the minutes of the court. There now stands upon the records of the court a verdict finding the defendant guilty of an offense of which the jury said he was innocent. The error which brought about this situation is harmful, and there is no cure for it but the grant of a new trial. The judgment overruling the motion for a new trial is reversed solely because of the error herein set out.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*