CARL F. LOTZ, SR., Appellant, v. LOLA CONFER, as Administratrix of the Estate of CLARENCE CONFER, Deceased, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. (The order denies plaintiff's motion to change venue in an automobile negligence action.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

CARL F. LOTZ, SR., Appellant, v. LOLA CONFER, as Administratrix of the Estate of CLARENCE CONFER, Deceased, Respondent. LOLA CONFER, as Administratrix of the Estate of CLARENCE CONFER, Deceased, Respondent, v. CARL LOTZ, Respondent.— Order modified by granting to Carl F. Lotz, Sr., the right to open and close and as modified affirmed, without costs of this appeal to either party. All concur. (The portion of the order appealed from grants right to open and close to defendant Confer in the consolidated actions.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

ALFRED PACE, Respondent, v. ELIZABETH H. WALDOCK, Appellant, et al., Defendants.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order grants plaintiff's motion for leave to serve a supplemental summons and complaint bringing in an additional party defendant.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT GOLD, Appellant.— Judgment so far as it convicts defendant of the crime of assault, second degree, and sentences him to one to two years' imprisonment on that charge reversed on the law and otherwise judgment affirmed. Memorandum: The judgment appealed from convicts defendant on both counts of an indictment charging him (in the first count thereof) with the crime of sodomy (Penal Law, § 690) and (in the second count thereof) with the crime of assault, second degree (Penal Law, § 242). The jury returned a verdict of guilty under the first count and of not guilty under the second count. Being of the opinion that the jury had mistaken the law, the court explained to the jury the reasons for that opinion and directed the jury to reconsider its verdict. Upon reconsideration, the jury returned a verdict of guilty under both counts of the indictment. Section 447 of the Code of Criminal Procedure permits the court, in a proper case, to direct the jury to reconsider a verdict of guilty, but forbids its reconsideration of a verdict of acquittal. The court should have received and entered the verdict of not guilty on the second count. Where part of the judgment is valid and the illegal part is severable from that part which is legal, the appellate court is authorized to reverse the illegal part and affirm the residue (Code Crim. Pro. § 543; see, also, *Syracuse & Tully Plank Road Co.* v. *The People,* 66 Barb. 25). We have examined the facts and find evidence sufficient to establish defendant's guilt beyond a reasonable doubt. The judgment of conviction should be corrected (a) by reversing on the law that part which adjudges defendant guilty of the crime of assault, second degree, and sentences him to one to two years' imprisonment on that charge and (b) by affirming that part which adjudges defendant guilty of the crime of sodomy. All concur. (The judgment convicts defendant of the crimes of sodomy and assault, second degree.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of TOFFIK SHALALA et al., Petitioners, against JOHN F. O'CONNELL et al., Individually and as Members Constituting the State Liquor Authority, Respondents.— Determination confirmed, with fifty dollars costs and disbursements. All concur, except Dowling, J., who dissents and votes for annulling the determination in the following memorandum: The findings and