THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK SALEMMO, Appellant.

First Department, June 4, 1974.

*Charles S. Lazarus* for appellant.

*Mario Merola, District Attorney* (*Robert Mauer* and *Daniel J. Sullivan* of counsel), for respondent.

CAPOZZOLI, J. Defendant was tried on a three-count indictment, the first count, charging him with criminally selling a dangerous drug in the third degree; second count, with criminally possessing a dangerous drug in the fourth degree, with intent to sell, and the third count, charging him with criminally possessing a dangerous drug in the third degree.

When the trial court charged the jury, amongst other things, it stated as follows:

"Jurors, you may find one or both of the defendants guilty or one, but only one of Counts one, two, and three * * *

"So that, jurors, it will be either a verdict of guilty of criminally selling a dangerous drug in the third degree or guilty of criminal possession of a dangerous drug in the third degree; or guilty of criminal possession of a dangerous drug in the fourth degree; or not guilty of any charge."

After deliberating, the jury returned and, after announcing the complete acquittal of the codefendant on all charges, reported the following verdicts on all three counts of the indictment relating to the defendant-appellant:

(1) Guilty of criminal sale of a dangerous drug in the third degree, as charged in the first count.

(2) Guilty of criminal possession of a dangerous drug in the fourth degree, as charged in the second count.

(3) *Not guilty* of criminal possession of a dangerous drug in the third degree, as charged in the third count.

Following the completion of the jury's report, the following transpired:

"THE COURT: All right; do I understand that having found the defendant Frank Salemmo guilty of the first count, criminal sale of a dangerous drug in the third degree, that you did not consider the other two counts; is that right?

"THE FOREMAN: No, your Honor; we did consider it.

"THE COURT: And what did you do with those?

"THE FOREMAN: We have 'Not guilty for the criminal possession of a dangerous drug in the third degree.'"

Announcing that the jurors had not adhered to its instructions concerning the verdicts that it could return, the Trial Judge submitted the three counts to the jury for reconsideration for the purpose of clarifying its verdict.

After further deliberations, as directed by the court, the jury returned and announced the following verdicts:

(1) Not guilty of criminal sale of a dangerous drug in the third degree, under the first count.

(2) Not guilty of criminally possessing a dangerous drug in the fourth degree, as charged in the second count and

(3) Guilty of criminally possessing a dangerous drug in the third degree, as alleged in the third count.

In short, the jury completely reversed its judgment. It acquitted the defendant of the crimes charged in the first and second counts, after having first convicted the defendant on those counts by its original verdict, and found the defendant guilty of the crime charged in the third count, after having earlier reported a not guilty verdict on that count.

The trial court justified its resubmission of the case to the jury on the ground that it was authorized to do so under CPL 310.50. An examination of that section discloses that it is intended to give the trial court the authority to direct a trial jury to reconsider a defective verdict. Subdivision 2 of this section reads as follows: "If the jury renders a verdict which in form is not in accordance with the court's instructions or which is otherwise legally defective, the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for such purpose, and to render a proper verdict. * * * *provided that if it is clear that the jury intended to find a defendant not guilty, upon any particular count, the court must order that the verdict be recorded as an acquittal of such defendant upon such count.*" (Emphasis added.)

There was no indication of any confusion on the part of the jury at that time. The verdict was sufficiently clear and the court should have accepted it and have acted upon it. As has been frankly conceded by the District Attorney in his brief, "when the 'guilty' verdict on count one was received, the Trial Judge should not have asked for further verdicts". If any modification were necessary same could have been made by the court, such as a dismissal on its own motion of the guilty verdict on criminal possession of a dangerous drug, in the fourth

degree, which, in effect, was superfluous after the jury had convicted the defendant on the first count charging the sale.

In the case of *People* v. *Gold* (268 App. Div. 817) the defendant was charged in one indictment with one count of sodomy and the second count assault, second degree. The jury returned a verdict of guilty under the first count and not guilty under the second count. The trial court was of the opinion that the jury had mistaken the law and directed the jury to reconsider its verdict. Upon reconsideration the jury returned a verdict of guilty under both counts of the indictment. The appellate court held this was illegal and stated: "Section 447 of the Code of Criminal Procedure permits the court, in a proper case, to direct the jury to reconsider a verdict of guilty, but forbids its reconsideration of a verdict of acquittal. The court should have received and entered the verdict of not guilty on the second count."

In *Owens* v. *State* (40 Ga. App. 508) the defendant was tried on an indictment containing two counts. The first charged him with manufacturing intoxicating liquor, and the second with possessing intoxicating liquor. The jury returned a verdict of guilty on the first count and not guilty on the second count. The court refused to accept the verdict, believing that it was an illegal one and sent the jury back to reconsider. They then returned and found the defendant guilty on both counts and the court accepted that verdict. It was held that the trial court's refusal to receive the verdict first returned was error and, at page 510 of the opinion, the court said: "the court's refusal to receive the verdict first returned by the jury was error, and that his sending the jury back to their room to further consider their verdict * * * was likewise error. * * * The jury had the unquestioned right to pass upon each count of the indictment, and the defendant had the right to have the verdict published and entered on the minutes of the court. There now stands upon the records of the court a verdict finding the defendant guilty of an offense of which the jury said he was innocent." (Also, see, *State* v. *Williams,* 220 N. C. 724.)

Applying the rules hereinabove discussed to the facts in the case at bar, it is clear that the guilty verdict returned by the jury, after it was directed to reconsider the matter, was illegal and cannot stand, because it had already acquitted the defendant on that count. As the District Attorney's brief states: "we concede acquittal of the present defendant on the third count of the indictment, the opposite result on reconsideration notwithstanding". If this verdict were to stand it would be

a violation of the rule against double jeopardy. Of course, the action of the jury in finding the defendant not guilty on the first and second counts, in spite of the fact that they had earlier reported guilt under those counts, cannot be disturbed.* That verdict must stand.

Notwithstanding the frank concessions of the District Attorney, he argues that, since the reconsideration ordered by the court was illegal, the proceedings thereafter, which resulted in the second verdict, were a nullity and the first verdict should stand, despite the turn-about by the jury. It is contended that this court has the power to modify the verdict so as to reinstate the original verdict of guilty of the sale of drugs. We emphatically disagree. Unfortunate as it may be, the fact is that, as the case now stands, the defendant has been acquitted on all counts.

We do not propose to discuss at length the arguments set forth in the dissenting opinion of my distinguished associate, Mr. Justice MURPHY. However, we must note specifically that, if the law permitted a retrial of a defendant, after acquittal by a jury, because the jury was confused in reaching its acquittal verdict, then we would have to declare that the constitutional provision, which provides that a defendant cannot be twice put in jeopardy, does not exist. But it does, and neither confusion of a jury, nor error on the part of a trial court can justify trying a person again, after once having been acquitted by a jury. (U. S. Const., 5th and 14th Amdts.; N. Y. Const., art. I, § 6; CPL 40.20, subd. 1.)

The dissent can take no comfort from *Owens* v. *State* (40 Ga. App. 508, *supra*). In that case there was not a total acquittal. The defendant was found guilty on one count; hence, there was need for reconsideration. In our case the acquittal is total.

As to the dissent of my distinguished colleague, Mr. Justice KUPFERMAN, we note that he has cited the case of *People* v. *Haymes* (34 N Y 2d 639). An examination of that case discloses that it supports the conclusion reached by the majority herein. In that case the jury returned its first verdict acquitting the defendant on a weapons charge and finding defendant guilty of manslaughter. Believing that the jury was confused as to certain aspects of the case, the Trial Judge sent it back to reconsider only its verdict of guilty of manslaughter. The Court of Appeals, in passing upon the propriety of the action of the trial court, said (p. 640) that the jury in the case: "misunderstood the possession element of the weapons charge and disagreed over the intent to kill element of the manslaughter charge. *The weapons charge was foreclosed from reconsidera-*

*tion by the acquittal,* but \* \* \* the Trial Judge properly sent the jury back to reconsider its verdict of guilty of manslaughter '' (emphasis added). This holding is perfectly consistent with and fully supports the view of the majority in this case.

The judgment of conviction against this defendant should be reversed, on the law, and the indictment dismissed.

KUPFERMAN, J. P. (dissenting). In view of the lengthy discussion in the majority opinion and the dissent by my colleague, Mr. Justice MURPHY, it would compound confusion if I went into further detail.

Two things are clear. The jury meant to find the defendant guilty of some aspect of the drug charges, and they were confused as to which one and how to do it. Under the circumstances, subdivision 2 of CPL 310.50 clearly comes into play.

Accordingly, I would remand for a new trial. (Cf. *People* v. *Haymes,* 34 N Y 2d 639.)

MURPHY, J. (dissenting). I disagree and would remand for a new trial. CPL 310.50, to the extent pertinent, provides:

'' 1. The form of the verdict must be in accordance with the court's instructions, as prescribed in article three hundred.

'' 2. If the jury renders a verdict which in form is not in accordance with the court's instructions or which is otherwise legally defective, the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for such purpose, and to render a proper verdict. If the jury persists in rendering a defective or improper verdict, the court may in its discretion either order that the verdict in its entirety as to any defendant be recorded as an acquittal, or discharge the jury and authorize the people to retry the indictment or a specified count or counts thereof as to such defendant; provided that if it is clear that the jury intended to find a defendant not guilty upon any particular count, the court must order that the verdict be recorded as an acquittal of such defendant upon such count.''

The difficulties in this case arose by virtue of the manner of submission of the charges to the jury and the court's instruction as to how it should proceed.

Specifically, the jurors were advised that counts 2 and 3 (criminal possession of a dangerous drug in the fourth degree with intent to sell and criminal possession of a dangerous drug in the third degree) were lesser included offenses of count 1 (criminally selling a dangerous drug in the third degree).

Accordingly, they were instructed to consider the counts in specified sequence (count one, then count three, then count two) and to stop deliberating further after they reached a guilty verdict on any one count.

The Trial Judge erred in such instructions since (under the former Penal Law provisions which govern this case) the first and third counts charged crimes of equal gravity; whereas the second count, as contained in the indictment, was only a lesser included offense of the first count, but not the third. Moreover, on the evidence adduced, there is even a serious question as to whether the second count should have been submitted to the jury at all.

In any event, the jury disregarded the court's instructions and returned verdicts of guilty on the first and second counts and acquitted defendant on the third. The court then returned the case to the jury for reconsideration, whereupon completely reversed verdicts were returned.

In our view, the consequences of such confusion should be a new trial and not an acquittal of all charges.

Subdivision 1 of CPL 310.50 was intended to replace a multiplicity of provisions in the former Code of Criminal Procedure dealing with " general " and " special " verdicts. (See Denzer, Practice Commentary to CPL 310.50, McKinney's Cons. Laws of N. Y., Book 11A, p. 593.) The form of verdict is required to be in accordance with the court's instructions, as prescribed in CPL 300.10 *et seq.*; and compliance with article 300 is presumed. The possibility of judicial error, as here occurred, is not envisioned.

Finally, and even if CPL 310.50 is applicable, under the circumstances of this case and in view of the verdicts rendered, I cannot conclude that it is " clear " that the jury intended to find the defendant not guilty upon any particular count. On the contrary, the only clear intent of this misled and confused jury was that it did not want the result reached by the majority — exoneration of all charges. Accordingly, I would remand for a new trial; the same relief, incidentally, as was directed in *Owens* v. *State* (40 Ga. App. 508), cited by the majority.

LUPIANO and LANE, JJ., concur with CAPOZZOLI, J.; KUPFERMAN, J. P., and MURPHY, J., dissent in separate opinions.

Judgment, Supreme Court, Bronx County, rendered on June 8, 1973, reversed, on the law, and the indictment dismissed.